IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**TIMOTHY MCGEEVER**,

        Plaintiff,

v.

**DR. AARON VITELLS**,

        Defendant.

Case No. 6:13-cv-2089-SI

**OPINION AND ORDER**

Timothy McGeever, Deer Ridge Correctional Institution, 3920 East Ashwood, Madras, OR, 97441. *Pro se*.

Janet M. Schroer, Ruth C. Rocker, HART WAGNER LLP, 1000 S.W. Broadway, 20th Floor, Portland, OR 97205. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Plaintiff Timothy McGeever, *pro se*, filed a claim under 42 U.S.C. § 1983, alleging that Defendant violated Mr. McGeever's constitutional rights by acting with deliberate indifference to his medical needs by prescribing Mr. McGeever pain medication to which he believes he is allergic. Defendant moves for summary judgment. For the reasons that follow, Defendant's motion is granted, and this case is dismissed.

PAGE 1 – OPINION AND ORDER

## STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

## BACKGROUND

At the time of the events giving rise to this case, Mr. McGeever was a prisoner at Marion County Jail. Mr. McGeever suffers from chronic pain and before he was incarcerated, Mr. McGeever was prescribed morphine and oxycodone for his pain.

Defendant Dr. Aaron Vitells is an independent contractor who provides physician services to Marion County Jail under a professional services agreement with Marion County. Dr. Vitells treated Mr. McGeever while he was an inmate in Marion County Jail, from

PAGE 2 – OPINION AND ORDER

approximately June 2013 to December 2014. To treat Mr. McGeever's chronic pain, Dr. Vitells prescribed Norco.[1]

After taking Norco, Mr. McGeever reported to Dr. Vitells and other Marion County Jail officials that he was allergic to that medication and that the medication was causing his stomach to bleed and resulting in bloody stools. Mr. McGeever admits that the medication helped his pain, but notes that he was concerned about detrimental side effects.

In response to Mr. McGeever's reports of bloody stools, constipation, and concern about stomach bleeding, Dr. Vitells obtained stool samples, which revealed two streaks of visible red blood. Dr. Vitells ordered a stool Guaiac test to determine whether any nonvisible blood presented in the stools. That test was negative. Because the Guaiac test was negative and the only blood in the stool was visible and red, Dr. Vitells concluded that Mr. McGeever did not have bleeding in his stomach. Dr. Vitells believed that stomach bleeding was not indicated because stomach blood presents as brown or dark in color. Dr. Vitells also concluded that Mr. McGeever likely suffered from hemorrhoids. Dr. Vitells further concluded that Mr. McGeever was not allergic to Norco and that Mr. McGeever's reported symptoms of stomach pain and constipation were secondary to ingesting Norco.

Dr. Vitells prescribed Colace to address Mr. McGeever's constipation. Dr. Vitells found that it was not medically necessary to change Mr. McGeever's prescribed narcotic pain medication. Mr. McGeever filed this lawsuit on November 22, 2013, seeking money damages and requesting that the Court order Marion County Jail to prescribe Mr. McGeever morphine and oxycodone.

---

[1] Mr. McGeever alleges that he was prescribed Vicodin. Norco and Vicodin contain the same drug mixture, although in different proportions. Mr. McGeever's mistaken allegation that the prescribed medication was Vicodin instead of Norco is not material.

PAGE 3 – OPINION AND ORDER

Mr. McGeever was released from Marion County Jail on December 4, 2013. Upon his release, Mr. McGeever changed medications and his symptoms improved. The bleeding stopped within two weeks of Mr. McGeever's release from Marion County.

## DISCUSSION

The government has an "obligation to provide medical care to those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Deliberate indifference to serious medical needs constitutes unnecessary and wanton infliction of pain, which is proscribed by the Eighth Amendment. *Id*. at 104. In this context, however, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 106. In order to state a claim relating to medical care under Section 1983, a prisoner must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* Allegations that a medical professional was negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. *Id*.

To establish an Eighth Amendment violation under Section 1983, a prisoner must satisfy "both the objective and subjective components of a two-part test." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002)). First, the plaintiff must show that the jail official deprived him of the "minimal civilized measure of life's necessities." *Id*. (citation and quotation marks omitted). Second, he must demonstrate that the jail official "acted with deliberate indifference in doing so." *Id*. (citation and quotation marks omitted). Under this standard, for example, a medical decision to decline ordering an x-ray is not a constitutional violation, but is a matter for medical judgment. *Estelle*, 429 U.S. at 107.

Here, Mr. McGeever alleges that he received constitutionally-deficient medical care because he was prescribed medication to which he was allergic and that medication caused detrimental side effects. Mr. McGeever received medical care throughout his incarceration;

PAGE 4 – OPINION AND ORDER

Dr. Vitells evaluated Mr. McGeever's medical condition and complaints on six occasions between June 17, 2013 and December 4, 2013. Mr. McGeever received a response from Dr. Vitells regarding Mr. McGeever's requests for medical care and associated complaints. Based on Mr. McGeever's representations of his symptoms, Mr. McGeever was given additional testing and a prescription for Colace. Dr. Vitells did not change Mr. McGeever's narcotic medication and did not prescribe Mr. McGeever morphine and oxycodone.

The failure to administer a different narcotic pain medication in these circumstances does not rise to the level of a constitutional infringement—Mr. McGeever was provided with narcotic pain medication that alleviated his pain and that Dr. Vitells determined, through testing, was not causing stomach bleeding or an allergic reaction. A different prescription for morphine or oxycodone in these circumstances was not a life necessity. *See e.g., Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (failure to provide local anesthetic for pain does not suffice for an Eighth Amendment claim); *Jackson v. Multnomah County*, 2013 WL 428456 at *4 (D. Or. Feb. 4, 2013) (providing Tylenol instead of narcotic pain medication is not a basis for an Eighth Amendment claim); *Salvatierra v. Connolly*, 2010 WL 5480756 at *20 (S.D.N.Y. Sept. 1, 2010) (providing ibuprofen instead of Percocet does not deprive an inmate of one of life's necessities); *Fields v. Roberts*, 2010 WL 1407679 at *4 (E.D. Cal. April 7, 2010) (refusing to prescribe narcotic pain medication even when an outside doctor recommended it is a difference in medical opinion on the proper course of treatment and is not a basis for an Eighth Amendment claim).

Jail officials have broad discretion to determine medical care, and an inmate is not entitled to the treatment he wants. *Tolbert v. Eyman*, 434 F.2d 625, 626 (9th Cir. 1970). Differing treatment options are at the discretion of the medical professionals and even if the decisions relating to Mr. McGeever's pain medication were medically erroneous (which is not clear from

the record), they cannot be characterized as a disregard for an excessive risk of inmate health. *Snipes*, 95 F.3d at 591; *see also Estelle*, 429 U.S. at 107. At most, Mr. McGeever's claim is that he was treated negligently by not having the Norco prescription terminated and a different narcotic prescribed, but negligent treatment does not support an Eighth Amendment claim. *Estelle*, 429 U.S. at 106-07. Mr. McGeever fails to raise a genuine issue of material fact that he had been treated with deliberate indifference to a serious medical need with respect to his pain medication.

## CONCLUSION

Defendant's motion for summary judgment (ECF 13) is GRANTED. This case is dismissed with prejudice.

**IT IS SO ORDERED**.

DATED this 8th day of May 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 6 – OPINION AND ORDER